UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAMERON MAYFIELD,<br><br>    Petitioner,<br>vs.<br><br>STANLEY KNIGHT,<br><br>    Respondent. | )<br>)<br>)<br>) Case No. 2:14-cv-94-WTL-WGH<br>)<br>)<br>)<br>) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Cameron Mayfield for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 13-11-0294. For the reasons explained in this Entry, Mayfield's habeas petition must be **denied**.

## Discussion

### A. Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

### B. The Disciplinary Hearing

On November 25, 2013, Officer Darrin Chaney wrote a Report of Conduct in case ISF-

13-11-0294 charging Mayfield with conspiracy/attempting/aiding or abetting trafficking. The Conduct Report states:

> On the above date and time Mail Room staff forwarded an in-coming letter to the Internal Affairs office for review. The correspondence was addressed to offender Mayfield, Cameron #178522 and did contain (10) ten Suboxone strips hidden inside a greeting card.
>
> Offender Mayfield is in violation of ADP code 111/113 conspiracy to traffic and is in violation of I.C. 35-44.1-3-5 state law trafficking with an inmate/conspiracy.

On December 2, 2013, Mayfield was notified of the charge of attempted trafficking and served with the notice of disciplinary hearing ("Screening Report"). He was notified of his rights and pled not guilty, requesting 24 hours' notice of the hearing. He requested to call Officer Chaney as a witness, and asked that the substance be presented to him as physical evidence.

On December 4, 2012, a hearing officer conducted a disciplinary hearing and found Mayfield guilty of the charge. Officer Grogg served as Lawson's lay advocate. During the hearing, Mayfield stated that he "[didn't] know who that person is, my child's mother would do something like this to set me up. I have no family support." At the conclusion of the proceeding, the hearing officer relied upon the staff reports, Mayfield's statement, evidence from Internal Affairs and physical evidence, and found Mayfield guilty of the disciplinary offense. At the end of the hearing and based upon the hearing officer's recommendations, the following sanctions were imposed: a written reprimand; thirty days of lost telephone privileges; a 60-day deprivation of earned credit time; and a demotion of credit class. Mayfield's appeals were denied.

**C. Analysis**

In support of his claim for habeas relief, Mayfield alleges the following grounds: 1) that the evidence was insufficient to support his disciplinary charge; and 2) that he was denied the right

to present evidence and witnesses; and 3) that he was denied a continuance in order to gather evidence.

### 1. *Sufficiency of the Evidence*

With regard to Mayfield's allegation of insufficient evidence, due process requires only that the Hearing Officer's decision be supported by "some evidence." *Hill,* 472 U.S. at 454; *Wolff v. McDonnell,* 418 U.S. at 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of 'some' evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649.

The conduct report in this case establishes that Mayfield was the intended recipient of a controlled substance without authorization of prison officials. This is sufficient to satisfy the "some evidence" standard. Mayfield's assertion that he did not know the sender of the letter was considered and rejected at the disciplinary hearing. The Court will not reweigh this evidence.

## 2. *Denial of Evidence and Witnesses*

Mayfield next argues that his request that Internal Affairs perform an investigation was denied and if such an investigation was performed, it would have shown that he did not know the person who sent the package. He also argues that he was denied evidence to attack the credibility of the charges and the reporting officer. These arguments do not support the relief Mayfield seeks. First, prison authorities may properly deny a request that they conduct an independent investigation. *Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use). Further, Mayfield was permitted to present his own testimony that he did not know the sender of the letter. Mayfield therefore has not shown that he was improperly denied evidence or witnesses.

## 3. *Denial of Continuance*

Mayfield also argues that he was denied a requested continuance. Although due process requires that an inmate be given 24 hours advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance. *See Wolff,* 418 U.S. at 559. Mayfield therefore has not shown that any alleged denial of a requested continuance resulted in the denial of his due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mayfield's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/14/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Cameron Mayfield
DOC #178522
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel